IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Chapter 13 |
| | ) |
| JOSEPH DOLINAR, III | ) Case No.: 1:18-24648 (CMB) |
| | ) |
| Debtor(s) | ) |
| | ) |
| JOSEPH DOLINAR, III | ) Hearing Date: February 17, 2021 |
| | ) |
| Movant | ) |
| | ) |
| vs | ) Docket |
| | ) |
| INTERNAL REVENUE SERVICE | ) |
| BETHEL PARK COUNTY | ) |
| TAX CLAIM BUREAU | ) |
| BETHEL | ) |
| COUNTY SCHOOL DISTRICT | ) |
| | ) |
| Respondent | ) |

## "AMENDED" APPROVING SALE OF REAL PROPERTY

This matter is before the Court on the motion (the "Motion") of Joseph Dolinar, III("Debtor") for the entry of an order authorizing sale of the Debtor's Residential property located at and known as 101 Horning Rd., Bethel Park, Bethel Park County, Pennsylvania (the "Property").

The Court has considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity that may assert a lien or interest in the Property, and such is due and sufficient

in all regards; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors bankruptcy estate and the creditors thereof; and good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

    A.    Debtor is debtor-in-possession under Chapter 13 of the Bankruptcy Code.

    B.    The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (f), and (m), and Bankruptcy Rules 2002, 6004, 9013, and 9014.

    C. This Court has jurisdiction over Debtors, over all of Debtors assets wherever located, and over all creditors of the Debtors. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

    D. Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, and further based upon representations of counsel at any hearing: proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Property therein referenced, has been provided to all creditors and interested parties in the Debtors above-referenced Chapter 13 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Property.

F. The sale of the Property was conducted at arms' length. Alqass Ishaq, LLC provided the highest and best offer, without collusion and in good faith. Buyer is a good faith purchaser in accordance with Bankruptcy Code Section 363(m) and is entitled to all of the protections afforded thereby. Neither the Debtor nor Buyer has engaged in any conduct that would cause or permit any part of the proposed sale to be avoided (or the validity of the sale affected) under Code Section 363(n) or any other provisions of the Bankruptcy Code. The good faith of each Buyer is evidenced by, among other things, the following facts: (a) the Agreement for the Sale of Real Estate executed is the product of arm's length transactions between Debtors and Buyer; and (b) all payments to be made in connection with the contemplated transaction have been disclosed.

G. The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H. Debtor advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtors business judgment for Debtors to consummate the transaction contemplated therein (the "Sale Transaction").

I. The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

J. Debtor may sell the Property to Buyer under the terms and conditions as set forth in the Agreement for Sale and the Sale Motion, free and clear of all Liens and Claims (as hereinafter defined) because one or more of the standards set forth in Code §363(f)(1) - (5) has been satisfied. Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code §363(f)(1).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2. The Motion is granted. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to Bankruptcy Code Section 363(f)(1). The Debtor, as Seller, are authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3. Further, the Debtor is authorized to execute any and all documents necessary to effectuate the transaction set forth in the Agreement for Sale.

4. Each of the bills of sales, releases, agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale, are approved and authorized in their entirety, except as may be modified in this.

5. Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f), to perform all of its obligations under the Sales Agreement.

6. As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f), and 363(n).

7. Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

8. Debtor hereby is authorized to execute, deliver, exchange, and perform under all documents necessary or appropriate to consummate sale and transfer of the Property to the Buyer.

9. Debtor is authorized to pay costs and expenses associates with the sale of the Property as follows:

   a. Any notarization or incidental filing charges required to be paid by Debtor as seller.

   b. All other costs and charges apportioned to the Debtors as seller included but not limited to Realtor commissions in the amount of $15000.00;

   c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of $2000.00 for legal fees and expenses owed to Sean Logue, and case professionals, or to be owed to Sean Logue and other professionals in the case, in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing, and otherwise in connection with this case. All fees and expenses payable to Sean Logue will be held in Attorneys escrow account pending approval of these fees. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then the $2000.00 shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees no later than March 30, 2021. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow. If no fee application is file with the court by the deadline set forth above the $2000.00 fees shall revert to the Unsecured Creditors.

   d. One-half of all transfer taxes which may be owed on account of the transaction.

   e. Past due real estate taxes, if any, and present real estate taxes pro rated to the date of closing on the sale.

f. Past due and present municipal charges, if any, for water, sewer and trash pro rated to the date of closing on the sale.

10. Subsequent to the payment of costs of sale as set forth above, the Debtor shall pay the Judgment liens held by the Internal Revenue Service, Jordan Tax Services, Bethel Park School District, Commonwealth of Pennsylvania and Department of Court Records in the amount as stated of $132,449.51.

11. Chapter 13 Trustee "percentage fees" in the amount of $9207.71 payable to Ronda J. Winnecour, Chapter 13 Trustee, P.O. Box 2587, Pittsburgh, PA 15230.

12. The debtors exemption amount is capped at a maximum of $13,065.00. ( If available)

13. All remaining proceeds as identified on the HUD-1 shall be paid to the Trustee, Ronda J. Winnecour, Ch. 13 trustee, W.D.P.A., P.O. Box 84051, Chicago IL 60689. By the agreement and consent of the Debtor, the net remaining proceeds shall be earmarked for payment of timely filed general unsecured creditors, as well as related Trustee fees. Any proceeds remaining after payment of general unsecured creditors and related fees shall be used for general plan funding. Trustee shall be entitled to distribute to unsecured creditors after thirty (30) days after receipt of net proceeds notwithstanding the absence of a final confirmation order. In accordance with 11 USC 349 (b), Trustee shall distribute to unsecured creditors in accordance with this Order notwithstanding a dismissal of this case.

14. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Property, to the net proceeds obtained for the Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens

and Claims as and when sale of the Property occurs. If the proposed sale of the Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Property are hereby directed to prepare, and record promptly after the closing of sale of the Property, releases of such Liens and Claims reasonably satisfactory to the Buyer.

15. Nothing herein shall work to the prejudice of the rights of the Debtors or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

16. Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the Closing Date, all Liens and Claims existing or that may be raised as to the Property prior to such closing have been unconditionally released and terminated.

17. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in, to, or as regards the Property (all such persons or entities being "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Assets in conformity herewith.

18. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto and any waivers or consents

thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Sale Assets; (c) to compel delivery of the Assets to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

19. The sale Confirmation Order survives any dismissal or conversion of the within case; and

20. Within five (5) days of the date of this Order, the Movant shall serve as copy of the within Order on each Respondent and its attorney of record if known or any party who answered the Motion or appeared at the hearing, the attorney for the debtors, the Purchasers, and the Attorney for Purchaser, if any and file a Certificate of Service.

21. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004(g) is declared inapplicable and waived.

                                                  BY THE COURT

                                                  _____
                                                  U.S. BANKRUPTCY JUDGE