IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Joseph Dolinar III

*Debtor(s)*

Joseph Dolinar, III

*Movant/Plaintiff(s)*

v.

Interal Revenue Service
Bethel Park County
Tax Claim Bureau
Bethel County School District

*Respondent/Defendant(s)*

Case No. 18-24648-CMB

Chapter 13  Related to

Doc No. _____

Hearing: 3/15/2021

## ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS

*AND NOW*, this _____, on consideration of the *Motion/Complaint for Sale of Property Free and Divested of Liens* to Joseph Dolinar, III _Alqass Ishaq, LLC_ for $ 250,000.00, after hearing held in: (the Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501 **OR** Courtroom "C", 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA 15219), this date, the Court finds:

(1) That service of the *Notice of Hearing* and *Order* setting hearing on said *Motion/Complaint* for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion/Complaint* for private sale, viz:

| **DATES OF SERVICES** | **NAME OF LIEN OR AND SECURITY** |
|---|---|
| *1/5/2021* | (1) Internal Revenue Service Tax Liens, $41,423.41 (2) Jordan Tax Service Inc for Municipal Lien and County Tax Liens, 2020 Borough Tax and 2020 School Tax $20,225.30 (3) Municipality of Bethel Park, 2014-2019 Borough , $10111.89. (4) Bethal Park School District Taxes 2014-2019 $39761.06. (5)Commonwealth of PA, State income tax lien, $4690.88. (6)Court Records for Restitution charges, $16,236.97. |

**Ronda J. Winnecour, Ch. 13 Trustee,**
Suite 3250, U.S. Steel Building
600 Grant Street
Pittsburgh, PA 15219

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service filed and that the named parties were served with the Motion/Complaint.

(3) That said sale hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)(2)* on _March 9, 2021_ in the _West Penn Multi List_ on *August 15 2019,* and on the _Realtor.com, Homes.com and Truila.com_ on _August 15, 2019_, as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $ _250,000.00_ offered by *Alquass Ishaq, LLC* was a full and fair price for the property in question.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

***NOW THEREFORE***, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as *101 Horning Rd, Bethel Park, PA 15102* is hereby **CONFIRMED** to *Alqass Ishaq, LLC, 4212 Greenridge Rd., Pittsburgh, PA 15234* for $ *250,000.00*, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is ***FURTHER ORDERED***, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED,** that the Unsecured creditors will be paid 100% out of the sale proceeds.

It is ***FURTHER ORDERED***, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the Closing Agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts: 132,944.51 ;
(2) Delinquent real estate taxes, if any;
(3) Current real estate taxes, pro-rated to the date of closing;
(4) The costs of local newspaper advertising in the amount of $ 0.00 ;
(5) The costs of legal journal advertising in the amount of $0.00 ;
(6) The Court approved realtor commission in the amount of $15000.00 ;
(7) Court approved attorney fees in the amount of $_2000.00_ to be held in Trust until Court Order is signed approving:
(8) Chapter 13 Trustee "percentage fees" in the amount of $ 9207.71. payable to "*Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 2587, Pittsburgh, PA. 15230*";
(9) The "net proceeds" from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to *"Ronda J. Winnecour, Ch. 13 Trustee,* P.O. Box 84051, Chicago, IL 60689-4002"; *and,*
(10) Other: Debtors Exemption is capped at a maximum of $13, 065.00

It is **FURTHER ORDERED** that:

(1) ***Within seven (7) days of the date of this Order***, the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a Certificate of Service.

(2) ***Closing shall occur within thirty (30) days of this Order***.

(3) ***Within seven (7) days following closing,*** the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

(5) In accordance with Local Rule 6004-2, which authorizes a private sale in Chapter 13 without meeting the publication requirements of W.PA.LBR 6004-1 when all or a portion of the funds received by the debtor for the sale of real property is designated to pay one hundred percent (100%) of the amount owed to creditors with allowed claims, and with the consent of the Chapter 13 Trustee, publication in this case has been waived subject to the following conditions:

(a) The payment of the Debtor's exemption as provided for above shall only be to extent there are net proceeds (after payment to each category of claims in paragraphs (1) through (8) above in excess of $31,825.89 (the "Required Minimum"), and then only up to the amount of $13,065.00. Any amount in excess of the $31,825.89 Required Minimum to the Trustee and the Debtor's $13,065.00 exemption shall be added to the net proceeds to be paid to the Trustee.

(b) The first $31,825.89 (the "Required Minimum") of net proceeds shall be earmarked, after deduction of Trustee fees, for payment of timely filed general non-priority unsecured creditors. Trustee shall be entitled to distribute to unsecured creditors after thirty (30) days after receipt of net proceeds notwithstanding the absence of a final confirmation order. In accordance with 11 USC §349(b), Trustee shall distribute to unsecured creditors in accordance with this Order notwithstanding a dismissal of this case.

_____

Carlota M. Bohm, Judge
United States Bankruptcy Court