IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| JOSEPH DOLINAR, III | ) | Case No.: 1:18-24648 (CMB) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| JOSEPH DOLINAR, III | ) | Hearing Date: March 15, 2021 |
| | ) | |
| Movant | ) | |
| | ) | |
| vs | ) | Related to Doc 101 |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| BETHEL PARK COUNTY | ) | |
| TAX CLAIM BUREAU | ) | |
| BETHEL | ) | |
| COUNTY SCHOOL DISTRICT | ) | |
| | ) | |
| Respondent | ) | |

ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND
DIVESTED OF LIENS

AND NOW, this _____, on consideration of Joseph Dolinar, III the Motion/Complaint for Sale of Property Free and Divested of Liens to Alqass Ishaq, LLC for $250,000.00, after hearing held in Courtroom B, 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA 15219), the Court finds:

(1)    That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for private sale, viz:

DATES OF SERVICES           NAME OF LIEN OR AND SECURITY
1/5/2021                              (1) Internal Revenue Service Tax Liens, $41,423.41
                                           (2) Jordan Tax Service Inc for Municipal Lien and County Tax Liens, 2020 Borough Tax and 2020 School Tax $20,225.30
                                           (3) Municipality of Bethel Park, 2014-2019 Borough, $10,111.89.

       (4) Bethel Park School District Taxes
       2014-2019 $39,761.06.
       (5) Commonwealth of PA, State income
       tax lien, $4,690.88.
       (6) Court Records for Restitution charges,
       $16,236.97

       Ronda J. Winnecour,
       Ch. 13 Trustee
       Suite 3250, U.S. Steel Building
       600 Grant Street
       Pittsburgh, PA 15219

  (2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service filed and that the named parties were served with the Motion.

  (3) That Movant has confirmed said sale hearing was duly advertised on the Court's website pursuant to W.PA LBR 6004-1(c)(2) on March 9, 2021, in the West Penn Multi List on August 15 2019, and on August 15, 2019, as shown by the Proof of Publications duly filed.

  (4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

  (5) That the price of $250,000.00 offered by Alquass Ishaq, LLC was a full and fair price for the property in question.

  (6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

  NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that the sale by Special Warranty deed of the real property described as 101 Horning Rd, Bethel Park, PA 15102 is hereby CONFIRMED to Alqass Ishaq, LLC, 4212 Greenridge Rd., Pittsburgh, PA 15234 for $250,000.00, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

  It is FURTHER ORDERED, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

  It is FURTHER ORDERED, that the Unsecured creditors will be paid 100% out of the sale proceeds.

It is FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing in the order specified. Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the Closing Agent to monetary sanctions, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by TRUSTEE pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts (to the extent the lien amounts have been verified by the Closing Agent):
  (i) Internal Revenue Service Tax Lien(s) in the amount of $41,423.41,
  (ii) Jordan Tax Service Inc for Municipal Lien(s) and County Tax Lien(s), 2020 Borough Tax and 2020 School Tax in the amount of $20,225.30,
  (iii) Municipality of Bethel Park, 2014-2019 in the amount of $10,111.89,
  (iv) Bethel Park School District Taxes 2014-2019 in the amount of $39,761.06,
  (v) Commonwealth of PA, State income tax lien in the amount of $4,690.88, and
  (vi) Allegheny County Court Records for Restitution charges, in the amount of $16,236.97.

The Sale was approved based on the representation the above were all of the liens, in the represented amounts, against the property. In the event the payoff amount for any lien creditor is more that the above amount the Closing Agent shall pay up to the above amount and Debtor Counsel will seek a Court order authorizing the payment of the balance. In the even the payoff for the liens are less, the Closing Agent shall pay.

(2) Any other delinquent real estate taxes.

(3) Current real estate taxes, pro-rated to the date of closing.

(4) The Court approved realtor commission in the amount of $15,000.00.

(5) Court approved Debtor attorney fees in the amount of $2,000.00 which amount is to be held in escrow by the Closing Agent pending further Order of Court.

(6) Chapter 13 Trustee percentage fees in the amount of $9,207.71, made payable to Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 2587, Pittsburgh, PA. 15230.

(7) The sum of $31,825.89 (the "Required Minimum"), payable to Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 84051, Chicago, IL 60689-4002, which amount is to be earmarked for Trustee Fees and unsecured creditors as set forth below.

(8) The sum of $13,065.00 to the Debtor as his maximum allowed exemption.

(9) The net proceeds from the closing as identified on the HUD-1, after payment of items (1) through (8) above to the Chapter 13 Trustee payable to Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 84051, Chicago, IL 60689-4002.

It is FURTHER ORDERED that:

(1) Within seven (7) days of the date of this Order, the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a Certificate of Service.

(2) Closing shall occur within thirty (30) days of this Order.

(2) Within seven (7) days following closing, the Movant shall file a Report of Sale which shall include a copy of the HUD-1 or other Settlement Statement; and

(4) This Sale Confirmation Order survives any dismissal or conversion of the within case.

(5) In accordance with Local Rule 6004-2, which authorizes a private sale in Chapter 13 without meeting the publication requirements of W.PA.LBR 6004-1 when all or a portion of the funds received by the debtor for the sale of real property is designated to pay one hundred percent (100%) of the amount owed to creditors with allowed claims, and with the consent of the Chapter 13 Trustee, publication in this case has been waived subject to the following conditions:

(a) The payment of the Debtor's exemption as provided for above shall only be to extent there are net proceeds (after payment to each category of claims in paragraphs (1) through (7) including the $31,825.89 (the "Required Minimum"), and then only up to the amount of $13,065.00. Any amount in excess of the $31,825.89 Required Minimum to the Trustee and the Debtor's $13,065.00 exemption shall be added to the net proceeds to be paid to the Trustee.

(b) The first $31,825.89 (the "Required Minimum") of net proceeds shall be earmarked, after deduction of Trustee fees, for payment of timely filed general non-priority unsecured creditors. Trustee shall be entitled to

distribute to unsecured creditors after thirty (30) days after receipt of net proceeds notwithstanding the absence of a final confirmation order. In accordance with 11 USC §349(b), Trustee shall distribute to unsecured creditors in accordance with this Order notwithstanding a dismissal of this case.

_____
Carlota M. Bohm, Judge
United States Bankruptcy Court